# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

| | |
|---|---|
| RACINE WILLIAMS & JAPHETH WARNER, individually, and on behalf of all others similarly situated,<br><br>        **Plaintiffs,**<br><br>v.<br><br>**LINEAGE LOGISTICS, LLC,**<br>**Registered Agent:**<br>Corporation Service Company<br>2900 SW Wanamaker Dr., Ste. 204<br>Topeka, KS 66614<br><br>        **Defendants.** | Case No. _____<br><br>**COLLECTIVE AND CLASS ACTION**<br><br><u>**JURY TRIAL REQUESTED**</u> |

## **COMPLAINT**

Plaintiffs Racine Williams and Japheth Warner, individually and on behalf of all others similarly situated, by and through their counsel, bring this Complaint against Lineage Logistics, LLC ("Lineage"), and hereby state and allege as follows:

## **INTRODUCTION**

1. Lineage failed to pay overtime as required by the Fair Labor Standards Act ("FLSA").

2. Plaintiffs and all other similarly situated employees worked for Lineage as non-exempt hourly employees who received incentive bonuses in any workweek in which overtime was worked within the preceding statutory period.

3. Plaintiff Racine Williams worked at Lineage's location in Edwardsville, KS as a non-exempt hourly employee eligible for bonuses.

4. Plaintiff Japheth Warner worked at Lineage's location in Edwardsville, KS as a non-exempt hourly employee eligible for bonuses.

5. Pursuant to Lineage's company-wide policies, practices, and/or procedures, Defendant failed to pay Plaintiff Williams, Plaintiff Warner, and other similarly situated non-exempt hourly

employees the proper amount of overtime compensation due and owing pursuant to the FLSA.

6. Defendant's systematic violations of the FLSA were willful in that Defendant either knew that its policies, practices, and/or procedures violated the FLSA or acted with reckless disregard as to whether or not their policies complied with the law.

7. Plaintiffs, on behalf of themselves individually and all other similarly situated employees, bring this lawsuit as: (a) a collective action under the FLSA, 29 U.S.C. § 201 *et seq.*, to recover unpaid overtime wages owed to Plaintiffs and all other similarly situated workers employed by Defendants; and (b) a Rule 23 class action under state law for breach of contract and for unjust enrichment.

## JURISDICTION AND VENUE

8. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over the FLSA claims of Plaintiffs and others similarly situated is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

9. Jurisdiction over the state law claims of Plaintiffs and all others similarly situated is based on 28 U.S.C. § 1367, in that such state law claims are so related to the FLSA claims that they form part of the same case or controversy.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

11. Plaintiff Williams is a resident of the State of Missouri. From April 3, 2017 to December, 27, 2017, Plaintiff Williams was employed by Defendant as a non-exempt hourly employee at Defendant's place of business located at 2350 South 98th St., Edwardsville, KS 66111. Plaintiff

William's Consent to be a Party Plaintiff pursuant to 29 U.S.C. § 216(b) is attached hereto as Exhibit A.

12. Plaintiff Warner is a resident of the State of Kansas. From October 3, 2016 to December, 27, 2017, Plaintiff Warner was employed by Defendant as a non-exempt hourly employee at Defendant's place of business located at 2350 South 98th St., Edwardsville, KS 66111. Plaintiff Warner's Consent to be a Party Plaintiff pursuant to 29 U.S.C. § 216(b) is attached hereto as Exhibit B.

13. Defendant Lineage Logistics, LLC is a Limited Liability Company organized under the laws of the State of Delaware, with its principal place of business located in the State of California. Defendant is duly registered and in good standing with the State of Kansas and identifies its Registered Agent and office as: Corporation Service Company, 2900 SW Wanamaker Dr., Suite 204, Topeka, KS 66614.

14. At all relevant times herein, Defendant Lineage has been an enterprise engaged in commerce or in the production of goods for commerce and has enjoyed gross receipts in excess of $500,000 during each of the years within the statutory period.

## GENERAL ALLEGATIONS

15. Plaintiffs re-allege the allegations set forth above.

16. According to its website (http://lineagelogistics.com/facilities/#), Defendant operates 93 separate locations in 22 states across the United States.

17. Plaintiff Williams, Plaintiff Warner, and all similarly situated employees are non-exempt, hourly employees who work or worked for Defendant at any of their locations nationwide and who received an incentive bonus in any workweek in which overtime hours were also worked during the applicable statutory period.

### **Miscalculation of Overtime Compensation**

18. Plaintiffs re-allege the allegations set forth above.

19. Pursuant to state/federal law, Plaintiffs and the putative class members are non-exempt hourly employees who must be paid overtime in an amount of one and one-half times their "regular rate" of pay for all hours worked in excess of forty hours in a workweek.

20. Plaintiffs and the putative class members are non-exempt hourly employees who were paid non-discretionary incentive bonuses that were not factored into the calculation of overtime compensation as required by the FLSA.

21. An employee's "regular rate" is generally determined by "dividing his total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid." *See e.g.* 29 C.F.R. § 778.109. Pursuant to 29 U.S.C. § 207(e) and 29 C.F.R. 778.208, non-discretionary bonuses as those by Defendant to non-exempt hourly employees must be included in the "regular rate" for purposes of calculating overtime compensation due and owing. In calculation of the "regular rate," "[t]he amount of the bonus is merely added to the other earnings of the employee (except statutory exclusions) and the total divided by total hours worked." 29 C.F.R. § 778.209(a).

22. Defendant's policies, practices, and/or procedures is to fail to properly calculate the overtime rate by failing to include the incentive bonuses in the regular rate in the calculation of overtime compensation.

23. Plaintiffs and the putative class members regularly worked overtime and received incentive bonuses during such workweeks and Defendant's policies, practices, and/or procedures resulted in a failure to pay all overtime compensation due and owing.

a. Plaintiff Williams provides the following example in which his compensation was calculated improperly:[1]

   i. Check Date 6/9/2017: Plaintiff Williams worked a total of 49.64 hours during this workweek. He received an incentive bonus in the amount of $431.08 and was paid $992.80 ($20.00 * 49.64 hours) for a total of $1,423.88. The proper overtime rate should have been $43.03 (without rounding: $43.0261885576) as follows: As required by 29 C.F.R. §§ 778.109, 778.209(a), and 29 U.S.C. § 207(e), the $431.08 bonus must be added to the $992.80 ($20*49.64) in regular pay for a total non-overtime compensation in the amount of $1,423.88. This total compensation is then divided by 49.64 hours worked for a Regular Rate of $28.68 (without rounding: $28.6841257051). The overtime rate, being 1.5 times the regular rate is $43.03 (without rounding: $43.0261885576). Therefore, during the workweek in relation to Check Date 6/9/2017, Plaintiff Williams was underpaid in the amount of $83.73 (($43.0261885576 - $34.34) * 9.64 = $83.7348576953). With liquidated damages, Plaintiff Williams suffered total damages in the amount of $167.46.

b. Plaintiff Warner provides the following example in which his compensation was calculated improperly:[2]

   i. Check Date 7/7/2017: Plaintiff Warner worked a total of 74.18 hours during this workweek. He received an incentive bonus in the amount of $778.19 and was paid $1,416.84 ($19.10 * 74.18 hours = $1,416.838) for a total of $2,195.03

---

[1] Although many other violations exist, Plaintiff Williams provides one example of a workweek in which his compensation was improperly calculated.

[2] Although many other violations exist, Plaintiff Warner provides one example of a workweek in which his compensation was improperly calculated.

(without rounding: $2,195.028). The proper overtime rate should have been $44.38 (without rounding: $44.3858) as follows: As required by 29 C.F.R. §§ 778.109, 778.209(a), and 29 U.S.C. § 207(e), the $778.19 bonus must be added to the $1,416.84 ($19.10*74.18) in regular pay for a total non-overtime compensation in the amount of $2,195.03. This total compensation is then divided by 74.18 hours worked for a Regular Rate of $29.59 (without rounding: $29.5906). The overtime rate, being 1.5 times the regular rate is $44.39 (without rounding: $44.3858). Therefore, during the workweek in relation to Check Date 7/7/2017, Plaintiff Warner was underpaid in the amount of $357.83 (($44.3858 - $33.92) * 34.19 = $357.8257). With liquidated damages, Plaintiff Warner suffered total damages in the amount of $715.65.

## CLASS & COLLECTIVE ACTION ALLEGATIONS

24. Plaintiffs re-allege the allegations set forth above.

25. Plaintiffs bring Count I, the FLSA claim, arising out of Defendant's unlawful policies, practices, and/or procedures regarding the calculation and payment of overtime compensation, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of Plaintiff Williams, Plaintiff Warner, and the following class:

    a. FLSA Class: All employees classified by Defendant as non-exempt hourly employees employed by Defendant who received an incentive bonus during any workweek in which such individual worked overtime within the preceding three-year period who worked at any of Defendant's locations nationwide.

26. Plaintiffs bring Count II, the breach of contract claim, arising out of Defendant's unlawful policies, practices, and/or procedures regarding the failure to pay its contracts for employment

pursuant to federal law, as an "opt-out" class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff Williams, Plaintiff Warner, and the following class:

    a. Breach of Contract Class: All employees classified by Defendant as non-exempt hourly employees employed by Defendant who received an incentive bonus during any workweek in which such individual worked overtime within the preceding three-year period who worked at any of Defendant's locations nationwide.

27. Plaintiffs bring Count III, the Unjust Enrichment / Quantum Meruit claim arising out of Defendant's failure to properly pay agreed upon wages in violation of federal law, as an "opt-out" class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff Williams, Plaintiff Warner, and the following class:

    a. Unjust Enrichment / Quantum Meruit Class: All employees classified by Defendant as non-exempt hourly employees employed by Defendant who received an incentive bonus during any workweek in which such individual worked overtime within the preceding three-year period who worked at any of Defendant's locations nationwide.

28. Plaintiffs Common Law Claims (Counts II-III) satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

29. These classes each number in the hundreds or thousands of persons. As a result, joinder of all class members in a single action is impracticable. Class members may be informed of the pendency of this action through regular mail, e-mail, and/or posting of an approved notice where employees congregate.

30. There are common questions of fact and law to the classes that predominate over any questions affecting only individual class members. The questions of law and fact common to the classes arising from Defendant's actions include, without limitation, the following:

    a. Whether Defendant failed to calculate overtime compensation in violation of the state/federal law.

    b. Whether Defendant had policies, practices, and/or procedures that resulted in the failure to compensate Plaintiffs and the putative class members in violation of the state/federal law.

    c. Whether Defendant engaged in unfair business practices;

    d. Whether Defendant was unjustly enriched by virtue of its policies, practices, and/or procedures with respect to Plaintiffs and the putative class members' compensation;

    e. Whether Defendant breached contracts by failing to pay wages pursuant to state/federal law;

    f. Whether Defendant willfully violated state/federal law; and

    g. Whether Defendant's policies, practices, and/or procedures violate state/federal law.

31. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

32. Plaintiffs' claims are typical of those of the respective classes in that class members have been employed in the same or similar positions as Plaintiffs and were subject to the same or similar unlawful practices as Plaintiffs.

33. A class action is the superior method for the fair and efficient adjudication of Plaintiff's claims. Defendant acted or refused to act on grounds generally applicable to the classes. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of class members to protect their interests.

34. Plaintiffs are adequate representatives because they are members of each of the classes and have interests that do not conflict with the interests of the members of those classes for which they seek to represent. The interests of the members of the classes will be fairly and adequately protected by Plaintiffs and their undersigned counsel, who are experienced prosecuting complex wage and hour, employment, and class action litigation.

35. Maintenance of this action as a class action is a fair and efficient method for adjudication of this controversy. It would be impracticable and undesirable for each member of the classes who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

## COUNT I – FLSA OVERTIME

36. Plaintiffs re-allege the allegations set forth above.

37. Defendant violated the FLSA by failing to pay Plaintiffs and the putative class members for all overtime compensation due and owing for all overtime hours worked in a workweek.

38. Specifically, as discussed above, Defendant's policies, practices, and/or procedures were to fail to properly calculate the Regular Rate of pay by failing to include the non-discretionary incentive bonuses within the regular rate of pay. As a result, Defendant's policies, practices, and/or procedures resulted in a systematic failure to pay all overtime compensation due and owing in violation of the FLSA.

39. Defendant's policies, practices, and/or procedures described above were to unlawfully and willfully fail to properly pay its non-exempt employees pursuant to the FLSA.

40. WHEREFORE, on Count I of this Complaint, Plaintiffs and the putative class members demand judgment against Defendant and pray this Court:

    a. Issue notice to all similarly situated employees of Defendant informing them of their right to file Consents to Joint the FLSA portion of this action;

    b. Award Plaintiffs and the putative class members damages for all unpaid overtime compensation due under 29 U.S.C. § 216(b);

    c. Award Plaintiffs and the putative class members liquidated damages under 29 U.S.C. § 216(b);

    d. Award Plaintiffs and the putative class members pre-judgment and post-judgment interest as provided by law;

    e. Award Plaintiffs and the putative class members attorneys' fees and costs under 29 U.S.C. § 216(b); and

    f. Award Plaintiffs and the putative class members such other relief as the Court deems fair and equitable.

## COUNT II – BREACH OF CONTRACT

41. Plaintiffs re-allege the allegations set forth above.

42. Defendant entered into a contract with Plaintiffs and the putative class members through which they agreed that employees would be paid for each hour worked pursuant to applicable state/federal laws.

43. Defendant breached these contracts by failing to pay Plaintiffs and the putative class members for all hours worked at the legal and applicable rates pursuant to state/federal law.

44. Because of Defendant's breach, Plaintiffs and the putative class members have been similarly damaged.

45. WHEREFORE, on Count II of this Complaint, Plaintiffs and the putative class members demand judgment against Defendant and pray this Court:

  a. Certify the state law claim set forth in Count II above as a class action pursuant to Fed. R. Civ. P. 23;

  b. Order Defendant to repay Plaintiffs and the putative class members for unlawfully unpaid wages in violation of their contracts;

  c. Award Plaintiffs and the putative class members liquidated damages, attorneys' fees, costs, pre-judgment and/or post-judgment interest as provided by law; and

  d. Award Plaintiffs and the putative class members such other relief as the Court deems fair and equitable.

## COUNT III – UNJUST ENRICHMENT / QUANTUM MERUIT

46. Plaintiffs re-allege the allegations set forth above.

47. Defendant benefited from its policies, practices, and/or procedures that resulted in a systematic failure to pay all overtime compensation due and owing to Plaintiffs and the putative class members in violation of state/federal law.

48. Defendant was aware or should have been aware that it was receiving a benefit of these improperly paid wages at the time such monies were withheld and Defendant accepted and retained such benefit without paying fair compensation to Plaintiffs and the putative class members.

49. Defendant's acceptance and retention of the compensation rightfully earned by Plaintiffs and the putative class members is inequitable and resulted in Defendant being unjustly enriched.

50. WHEREFORE, on Count III of this Complaint, Plaintiffs and the putative class members demand judgment against Defendant and pray this Court:

  a. Certify the state law claim set forth in Count III above as a class action pursuant to Fed. R. Civ. P. 23;

b. Order Defendant to repay Plaintiffs and the putative class members for the unlawfully retained compensation that should have been conveyed to the Plaintiffs and the putative class members pursuant to state/federal law and/or contractual obligations;

c. Award Plaintiffs and the putative class members liquidated damages, attorneys' fees, costs, pre-judgment and/or post-judgment interest as provided by law; and

d. Award Plaintiffs and the putative class members such other relief as the Court deems fair and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby request a trial by jury of all issues so triable.

## DESIGNATION OF PLACE OF TRIAL

Plaintiffs hereby designate the United States District Court for the District of Kansas at Kansas City, Kansas as their place of trial.

Dated: February 23, 2018

Respectfully submitted,

**OSMAN & SMAY LLP**

| /s/ Matthew E. Osman | /s/ Kathryn S. Rickley |
|---|---|
| Matthew E. Osman     KS # 23563 | Kathryn S. Rickley     KS # 23211 |
| 8500 W. 110th St., Ste. 330 | 8500 W. 110th St., Ste. 330 |
| Overland Park, KS 66210 | Overland Park, KS 66210 |
| mosman@workerwagerights.com | krickley@workerwagerights.com |
| Tel: (913) 667-9243 | Tel: (913) 667-9243 |
| Fax: (866) 470-9243 | Fax: (866) 470-9243 |

**ATTORNEYS FOR PLAINTIFFS**